**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

CAESAR MUNIR WILSON,

Defendant.

Case No. 26-cr-0027 (LMP/JFD)

**ORDER**

---

Matthew Evans and Matthew Forbes, **United States Attorneys' Office, Minneapolis, MN**, for Plaintiff.

Caesar Munir Wilson, pro se Defendant.

Before the Court is Defendant Caesar Munir Wilson's objection, ECF No. 45,[1] to United States Magistrate Judge John F. Docherty's order, ECF No. 44, denying Wilson's request for Communication Access Realtime Translation ("CART") services, ECF No. 43.

Wilson, who is proceeding pro se, states that his "ability to process and comprehend spoken information in real time is materially affected under typical courtroom conditions, including rapid or overlapping speech, variations in volume and clarity, inconsistent

---

[1]    While the filing is titled Motion for Communication Accommodation Necessary for Effective Participation in Court Proceedings (ECF No. 45), the Court understands it to be an objection to Magistrate Judge Docherty's ruling on Wilson's earlier request for CART services, which it understands to be a nondispositive motion under Federal Rule of Criminal Procedure 59(a). Rule 59(a) requires a district judge to consider timely objections to a magistrate judge's order and to modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with Rule 59(a) waives a party's right to review.

microphone use, distance from speakers, and the use of technical or specialized terminology." ECF No. 45 at 4. As a result, he seeks a Court order granting him access to CART services for all courtroom proceedings, or alternatively some other "auxiliary aid or service that the Court finds to be equally effective." *Id.* at 3.

Notably, Wilson is not suggesting that he is unable to hear courtroom proceedings. Instead, he states that he might be—at times—unable to comprehend courtroom proceedings in real time. But there is simply no indication from the record that Wilson has struggled to understand anything happening in the courtroom, and the Court accordingly agrees with Magistrate Judge Docherty that Wilson has not demonstrated a need for the "expensive" and "cumbersome" CART services. ECF No. 44; *see United States v. Kaeding*, No. 24-3462, 2025 WL 4666256, at \*10 (8th Cir. Mar. 27, 2025) (affirming district court's denial of CART services where the record showed that the defendant had no hearing or comprehension issues). Moreover, to the extent that Wilson encounters difficulty understanding parts of any courtroom proceeding due to the "pace" of conversation or "variability in volume, clarity, and microphone use," ECF No. 45 at 1, Wilson may certainly ask the Court for appropriate assistance. *Kaeding*, 2025 WL 4666256, at \*10 (noting that comprehension issues can be adequately addressed by, for instance, asking witnesses "to repeat themselves"). And the Court notes that hearings are rarely, if ever, dominated by crosstalk or rapid conversation. Instead, the parties separately take turns at the lectern formally presenting their arguments to the Court or questions to witnesses. If any difficulties arise, the Court will be in a position to determine whether any

other accommodations are necessary to ensure Wilson's meaningful participation in courtroom proceedings.

Finally, to the extent Wilson encounters difficulty understanding "the use of technical and legal terminology," ECF No. 45 at 4, CART—or any other transcription service—is not the solution. First, CART would not assist Wilson to understand such terminology because all that Wilson would receive is a transcription of a conversation. As a result, if Wilson does not comprehend the "technical and legal terminology" when he hears it, CART would not aid him in any meaningful matter. Second, as Magistrate Judge Docherty noted, Wilson was advised that his decision to proceed pro se would carry with it the very risk of which he now complains: the failure to understand legal terminology or complex issues. Wilson accepted that risk and expressed his understanding that the Court would treat him the same as it would any lawyer that appeared before it. *See Faretta v. California*, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and the his choice is made with eyes open.'"). And no lawyer would be provided CART services simply because the lawyer encountered difficulty understanding legal terminology or complex legal issues. *Id.* at 836 (holding that pro se party is required to follow all the "ground rules" of trial procedure).

3

For these reasons, the Court **OVERRULES** Wilson's objection (ECF No. 45) and denies CART services for courtroom proceedings.

Dated: April 6, 2026                         *s/Laura M. Provinzino*
                                             Laura M. Provinzino
                                             United States District Judge