**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

          Plaintiff,

v.

Caesar Munir Wilson,

          Defendant.

Case No. 26-cr-00027 (LMP/JFD)

**ORDER**

This matter is before the Court on multiple filings by Mr. Caesar Munir Wilson, a criminal defendant proceeding *pro se* before the Court. Those filings include: 1) multiple filings, presented as motions, addressing the continuing issue of Mr. Wilson's access to discovery (*see* Dkt. Nos. 48, 56, 60, 62, 78); and 2) the procedural status of his Motion to Dismiss the Indictment (*see* Dkt. Nos. 59, 78). This order resolves both issues.

### A. Discovery Access

The grand jury's indictment alleges that Mr. Wilson committed complex tax and other financial crimes. Because he is alleged to have used the internet as a means of committing these crimes, the Court has imposed on him strict pre-trial conditions limiting his use of electronic devices and access to the internet. (*See* March 16, 2026 Order, Dkt. No. 38.) Those restrictions, while necessary, present a challenge to furnishing Mr. Wilson with the prosecution disclosures in this case. Those disclosures would usually be provided electronically to defense counsel, who would view them on a computer that is capable of connecting to the internet. That is not an option in Mr. Wilson's case, both because of the

pretrial limits on electronic device use and internet access, but also because Mr. Wilson has exercised his right to represent himself. In a similar case where a defendant is represented by counsel, disclosures could straightforwardly be provided by the prosecution to defense counsel, who would not be under the same restrictions as is Mr. Wilson. Before choosing to represent himself, Mr. Wilson was aware of the conditions of his pretrial release. (*See* Feb. 5, 2026 Order Setting Conditions, Dkt. No. 8; Mar. 2, 2026 Mot. to Proceed *Pro Se*, Dkt. No. 22.)

The Court has already written about and discussed this issue extensively with the parties. (*See* May 29, 2026 Order at 3–5, Dkt. No. 71.) In its most recent Order, the Court ordered the parties to submit letters to the Court indicating their preferences for how best to provide Mr. Wilson with the "functional access" he seeks in his many motions. The Court gave the parties three options:

1. Mr. Wilson will use a laptop computer whose internet access has been permanently disabled to view disclosures (hereinafter, the "Computer Option");

2. Disclosures will be provided to Mr. Leach (standby counsel), just as if Mr. Leach were representing Mr. Wilson, and Mr. Leach will allow Mr. Wilson to view disclosures at Mr. Leach's office, without internet access (hereinafter, the "In-Person Electronic Option"); and

3. The government will print out the discovery and provide it to Mr. Wilson (hereinafter, the "Printing Option").

The parties do not agree on which option is best. Mr. Wilson preferred the Printing Option, followed by the Computer Option and the In-Person Electronic Option. (Def.'s Resp. 1,

2

Dkt. No. 80.) The government preferred the In-Person Electronic Option, followed by the Computer Option and the Printing Option. (Gov. Resp. 1, Dkt. No. 81.)

The Court orders that the parties use the Computer Option. Mr. Leach, in consultation with Mr. Wilson and the Federal Defender's Office and with the approval of Mr. Wilson's assigned Pretrial Services Officer, will obtain a computer and the software necessary for Mr. Wilson to access discovery and prepare his defense. Mr. Leach will provide that computer to Mr. Wilson's Pretrial Services Officer, who will install the software necessary to ensure that the computer can be used in a way that complies with Mr. Wilson's pretrial release conditions. Mr. Wilson will then meet with his Pretrial Services Officer to take receipt of the computer. Any costs associated with providing Mr. Wilson with this computer will be initially borne by Mr. Leach, who is directed to apply to have those costs reimbursed, pursuant to the Criminal Justice Act ("CJA").[1] *See* Guide to Judiciary Policies and Procedures, Vol. 7, Pt. A, Ch. 3, *available at* https://www.uscourts.gov/sites/default/files/document/guide_vol07.pdf.[2]    For    the

---

[1] The Court assigns this task to Mr. Leach due to his knowledge of and experience with the complicated CJA eVoucher system and related complexities of CJA reimbursement. Mr. Leach is encouraged to consult with the Federal Defender's Office and the Court to ensure that his costs are fully reimbursed.

[2] Under the Judiciary's guidelines for administering the CJA and related statutes, Mr. Wilson, serving as his own counsel, "may apply to the court for authorization of CJA funds for the acquisition of such property or services." *Id*. at § 320.70.40(a), *available at* https://www.uscourts.gov/administration-policies/judiciary-policies/guidelines-administering-cja-and-related-statutes/chapter-3-ss-320-authorization-investigative-expert-and-other-services#a320_70. Any reimbursement request from Mr. Leach must comply with the requirements of those guidelines. A computer purchased with CJA funds "is property of the United States and remains so after the case is completed." *Id*. at §

purposes of CJA reimbursement, the Court concludes that the costs associated with providing the computer and discovery review software are reasonable and necessary for Mr. Wilson to prepare an adequate defense.

This option is, in the Court's view, the most efficient and cost-effective way to move this case, in which a pretrial scheduling order has not even been entered yet (because the prosecution disclosures have not been provided to Mr. Wilson) while also respecting the desire Mr. Wilson expressed in his Motion to Clarify (Dkt. No. 78) to review the prosecution's disclosures independently of Mr. Leach. The Court regrets that the cost of a laptop computer has to be borne by standby counsel and then reimbursement sought. Despite thorough research into the applicable regulations, the Court has been unable to work around that issue. By ordering the Computer Option, the Court concludes that the Motion to Clarify is moot. Mr. Leach will continue to act as standby counsel and should assist Mr. Wilson in obtaining the computer in accordance with the discussion above. This order also resolves Mr. Wilson's other discovery-related motions, filed at Docket Numbers 48, 56, 60, 62, and 78. The Court declines Mr. Wilson's invitation to order sanctions against the government or its attorneys for the discovery access issues here. The Court also notes that it expects Mr. Wilson and the government to act in good faith to comply with this Order and present hurdles to compliance to the Court for resolution as quickly as possible, so they may be speedily resolved.

---

320.70.40(b)(2). After the case, Mr. Wilson must return the computer to the United States pursuant to the procedures in § 320.70.40(b)(5) of the guidelines.

B. **Mr. Wilson's Motion to Dismiss**

Mr. Wilson filed a Motion to Dismiss the indictment against him on April 28, 2026.

(Dkt. No. 59) On May 29, 2026, the Court held that it would

> hear all pretrial motions, from both sides, at the same time, which means Mr. Wilson will have to file any motions he has that are based on discovery before a hearing on any motion. Mr. Wilson has to have access to discovery before he can file motions based on that discovery. Therefore, it is the Court's intention that as soon as the issue of access to discovery is resolved, the Court will issue a Litigation Management Order in a Criminal Case, which will include a deadline by which motions are to be filed and a motions hearing date.

(May 29, 2026 Order at 1–2, Dkt. No. 71.) In his "Motion to Request Separate Review of Dkt. No. 59," (Dkt. No. 75), Mr. Wilson argues that because the Motion to Dismiss is not "discovery-dependent," the Court should hear that Motion now, rather than in the normal course of pre-trial motions. (*See* Mot. to Req. Separate Rev. 2, Dkt. No. 75.) He says that following the normal course of criminal motions practice followed in this District "risks treating Dkt. 59 (his Motion to Dismiss) as discovery-dependent." (*Id.*) The Court interprets this Motion as a Motion for Reconsideration of the Court's decision to defer ruling on the Motion to Dismiss until after the yet-to-be-scheduled motions hearing.[3] If Mr. Wilson intended his "Motion to Request Separate Review" to be addressed by the District Judge in this case, Judge Laura Provinzino, he was required to file it as an Appeal

---

[3] The Court notes that the arguments presented in this Motion are very similar to those posed by Mr. Wilson's Appeal/Objection (Dkt. No. 73) of the Court's May 29, 2026 Order (Dkt. No. 71), currently pending before Judge Provinzino. To the extent that this Order conflicts with this Court's previous Order, this Order controls. Further, any order from Judge Provinzino on Mr. Wilson's Appeal/Objection prevails over anything to the contrary in any order from the undersigned.

of this Court's May 29, 2026 Order, something he has shown he is able to do. (*See* Appeal/Objection of Mag. Judge Decision, Dkt. No. 73.)

Mr. Wilson's concerns that the Court may confuse the standards that apply to motions to dismiss and other so-called "discovery-dependent" motions are not well-founded. The Court is experienced in criminal procedural law and regularly rules on motions to dismiss and evidence-related motions at the same time. (*See, e.g.*, *United States v. Woods*, No. 23-CR-294 (ADM/JFD) Dkt. No. 46, (D. Minn. Mar. 5, 2024); *United States v. Brown*, No. 23-CR-160 (NEB/JFD) Dkt. No. 1616, (D. Minn. Jan. 2, 2025).) In addition, both parties will have the right to object to the Court's Report and Recommendation on any such dispositive motions in due course. Accordingly, the Court denies Mr. Wilson's Motion to Request Separate Review and will review all dispositive motions together, as is the normal practice in this District.

### C. Mr. Wilson's Prolific Filing Behavior

On *pro se* defendants, the Eighth Circuit has been clear that "[d]efendants have a right to present 'unorthodox defenses and argue their theories to the bitter end,'" which "may require the trial court to tolerate 'numerous nonsensical pleadings' [and] even 'occasionally wacky' behavior, so long as the defendant is not disruptive or defiant." *United States v. Smith*, 830 F.3d 803, 810 (8th Cir. 2016) (quoting *United States v. Johnson*, 610 F.3d 1138, 1141–47 (9th Cir. 2010)). However, that court also held that *pro se* motions that "threaten to forestall pretrial or trial proceedings" and constitute "serious and obstructionist misconduct," are subject to greater scrutiny and sanctions that could include revocation of self-representation. *Id*.; *United States v. Atkins*, 52 F.4th 745, 750 (8th Cir.

2022); *United States v. Kelley*, 787 F.3d 915, 917 (8th Cir. 2015). *Pro se* criminal defendants are also not entitled to use the right to self-representation "as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *United States v. Mosley*, 607 F.3d 555, 558 (8th Cir. 2010) (internal quotation marks omitted). The Court reminds Mr. Wilson that his status as a *pro se* defendant does not exempt him from the Federal Rules of Criminal Procedure or the Local Rules of the District of Minnesota and that this case will proceed just as any other case before the Court.[4]

## CONCLUSION

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, it is hereby **ORDERED** that:

1. Mr. Wilson's Motion to Compel Functional Access to Discovery (Dkt. No. 48) is **GRANTED in part and DENIED in part**;

2. Mr. Wilson's Supplemental Motion to Compel Functional Access to Discovery (Dkt. No. 56) is **GRANTED in part and DENIED in part**;

3. Mr. Wilson's Motions to Enforce (Dkt. Nos. 60 and 62) are **DENIED as moot**;

4. Mr. Wilson's Motion to Request Separate Review of Dkt. 59 (Dkt. No. 75) is **DENIED**;

5. Mr. Wilson's Motion for Clarification (Dkt. No. 78) is **DENIED as moot**;

---

[4] These rules and other resources can be found on the District Court's website at https://www.mnd.uscourts.gov/rules-and-resources.

6. Mr. Wilson's Motion to Dismiss the Indictment (Dkt. No. 59) is **DEFERRED** until the motions hearing date;

7. All parties—including the Federal Defender's Office, Mr. Leach, and Mr. Wilson's Pretrial Services Officer—are directed to collaborate to provide Mr. Wilson with the computer discussed above; and

8. Mr. Wilson and the government are directed to file a Status Report on or before July 1, 2026 confirming compliance with this order and recommending a motions filing deadline. Upon receipt of those Status Reports, the Court will issue a Litigation Management Order in a Criminal Case.

Date: June 17, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

8