**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,                    Case No. 26-cr-0027 (LMP/JFD)

        Plaintiff,

v.                                                              **ORDER**

CAESAR MUNIR WILSON,

        Defendant.

---

Matthew Evans and Matthew Forbes, **United States Attorneys' Office, Minneapolis, MN**, for Plaintiff.

Caesar Munir Wilson, pro se Defendant.

Defendant Caesar Munir Wilson filed a motion to dismiss his indictment on April 28, 2026. ECF No. 59. On May 26, 2026, Wilson filed a "request" asking Magistrate Judge John F. Docherty to set a briefing schedule for the motion and to schedule a hearing. *See generally* ECF No. 69. On May 29, 2026, Magistrate Judge Docherty denied Wilson's request, explained that a briefing schedule would be set after the parties had resolved issues related to Wilson's access to discovery, and determined that the "Court will hear all pretrial motions, from both sides, at the same time." ECF No. 71 at 1–2.

Wilson objected to that decision on June 8, 2026, and asserted that Magistrate Judge Docherty should hear the motion to dismiss separately from any other pretrial motions and should do so as soon as possible. ECF No. 73 at 7. But on the same day, Wilson also filed a second "request" with Magistrate Judge Docherty, in which Wilson repeated his assertion that the motion to dismiss should be reviewed separately. ECF No. 75. Magistrate Judge

Docherty interpreted Wilson's second "request" as a motion for reconsideration of his previous decision to wait to hear the motion to dismiss and explained again that he would hear all pretrial motions together.  ECF No. 83 at 5–6.  Wilson again objects.  ECF No. 86. This time, Wilson contends that Magistrate Judge Docherty erroneously deferred the motion to dismiss in violation of Rule 12(d).  The Court considers both of Wilson's objections together.

The "standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential."  *United States v. Banks*, No 23-cr-307 (JRT/DTS), 2025 WL 2621753, at *8 (D. Minn. Sept. 11, 2025).  Under Rule 59(a) and 28 U.S.C. § 636(b)(1)(A), the Court considers Wilson's objections to Magistrate Judge Docherty's nondispositive scheduling decisions under the "contrary to law or clearly erroneous" standard.

Wilson fails to show that any part of Magistrate Judge Docherty's scheduling decision is "contrary to law or clearly erroneous."  At best, Wilson notes that Magistrate Judge Docherty could have decided to hear Wilson's motion to dismiss before any further motions.  ECF No. 73 at 5; *see also* ECF No. 86 at 7.[1]  But it is standard practice in this

---

[1]    Wilson also suggests that Magistrate Judge Docherty's decision to defer hearing the motion to dismiss was made in violation of Rule 12(d), which requires that a "court must decide every pretrial motion before trial unless it finds good cause to defer a ruling."  Fed. R. Crim. P. 12(d).  Wilson contends that Magistrate Judge Docherty did not make the required findings to defer hearing the motion.  ECF No. 86 at 7.  But Rule 12(d) only requires courts to hear all pretrial motions *before* trial.  That is precisely what Magistrate Judge Docherty intends to do, so Magistrate Judge Docherty had no duty to make Rule 12(d) findings.  ECF No. 86 at 6.

District for magistrate judges to hear and decide all pretrial motions at the same time. *See, e.g.*, *United States v. Velisek*, No. 24-cr-290 (NEB/LIB), 2026 WL 1194737, at *1 (D. Minn. May 1, 2026) (considering objection to magistrate judge's simultaneous rulings on disclosure and suppression motions); *United States v. Luthor*, No. 25-cr-88 (ECT/LIB), 2026 WL 622651, at *1 (D. Minn. Mar. 5, 2026) (same). This practice promotes efficiency through one round of briefing and one pretrial motions hearing before the magistrate judge. It also promotes fairness to both parties. That Magistrate Judge Docherty could have deviated from this standard practice does not mean that his decision not to is incorrect. And the Court will not—as Wilson appears to desire—micromanage Magistrate Judge Docherty's well-reasoned decisions absent some indication that they are "contrary to law or clearly erroneous."

Finally, Wilson takes issue with Magistrate Judge Docherty's reminder to Wilson that pro se defendants are not entitled to engage in dilatory conduct and that dilatory conduct could result in sanctions. ECF No. 83 at 6–7. Wilson contends that this warning "cannot operate as a present misconduct finding" and cannot be a "predicate for limiting [Wilson's] right to represent himself." ECF No. 86 at 8. But Magistrate Judge Docherty's warning was just that: a warning. And it was extraordinarily clear that it was not, as Wilson suggests, a "specific finding of obstruction, bad faith, defiance, delay, manipulation, misconduct, or violation of a rule." ECF No. 86 at 8. Wilson identifies no legal error with

Magistrate Judge Docherty's warning, and as a result the Court will not consider this purported objection.[2]

For these reasons, the Court **OVERRULES** Wilson's objections, ECF Nos. 73 and 86.

Dated: July 6, 2026                         *s/Laura M. Provinzino*

                                            Laura M. Provinzino
                                            United States District Judge

---

[2] Objections must be grounded in the law, and it is Wilson's duty to "provide a basis" for his objections. *Braun v. Walz*, No. 20-cv-333 (DSD/BRT), 2022 WL 2914717, at *2 (D. Minn. July 25, 2022).