**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

CAESAR MUNIR WILSON,

Defendant.

Case No. 26-cr-0027 (LMP/JFD)

**ORDER**

---

Matthew Forbes, **United States Attorneys' Office, Minneapolis, MN**, for Plaintiff.

Caesar Munir Wilson, pro se Defendant.

On September 8, 2026, Defendant Caesar Munir Wilson filed a motion seeking modifications to his pre-trial release conditions and a continuance of the pretrial motions deadline. *See generally* ECF No. 94. The bulk of Wilson's motion asked that he be authorized to use a smartphone. *Id.* at 2–5. But Wilson also noted that he possesses "electronic material from defense sources," that is housed on "devices" that he "previously disclosed to Pretrial Services," and that the electronic material is "not presently accessible through an efficient, repeatable process." *Id.* at 5–6.

United States Magistrate Judge John F. Docherty issued on order on September 18, 2026, denying Wilson's request for the use of a smartphone and granting Wilson's request for a continuance of the pretrial deadline. *See generally* ECF No. 99. The order did not explicitly consider Wilson's "defense-source" request. *Id.* On October 2, 2026, Wilson objected to Magistrate Judge Docherty's order. ECF No. 100. Wilson objects that the order

does not address his defense-source request, arguing that it was error not to do so. *Id.* at 1. And he requests that the Court order that "within five days," Wilson and "Pretrial Services establish and, if practicable, make operational the repeatable, reasonably efficient procedure requested." *Id.* at 2.

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. *United States v. Banks*, No 23-cr-307 (JRT/DTS), 2025 WL 2621753, at *8 (D. Minn. Sept. 11, 2025). Under Rule 59(a) and 28 U.S.C. § 636(b)(1)(A), the Court considers Wilson's objections to Magistrate Judge Docherty's nondispositive decisions under the "contrary to law or clearly erroneous" standard.

To the extent that Wilson objects to Magistrate Judge Docherty's decision because it did not afford Wilson the defense-source relief he requested, the Court finds that Wilson has not shown that decision is "contrary to law or clearly erroneous." As an initial matter, the Court has little clarity on what Wilson is requesting. While Wilson asks that the Court order probation to "establish" a "repeatable, reasonably efficient procedure," he does not specify what is wrong with his current pretrial restrictions or precisely what Wilson believes will help. Without saying as much, "it is impossible to discern" what Wilson needs.[1] *Blackwell v. Ramsey Cnty. Corr. Facility*, 24-cv-906 (PAM/DJF), 2024 WL 3224766, at *3 (D. Minn. May 21, 2024). And it is not the role of the Court to "act as

[1] Wilson is reminded that objections must be grounded in the law, and it is Wilson's duty to "provide a basis" for his objections. *Braun v. Walz*, No. 20-cv-333 (DSD/BRT), 2022 WL 2914717, at *2 (D. Minn. July 25, 2022).

counsel" for Wilson and fashion a remedy he has not requested. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Finally, to the extent that Wilson desires to confer with Probation and establish a more streamlined system for his current needs, the United States has represented that "Probation is willing and able to meet and assist with any internet and computer problems Wilson needs assistance with, to the extent Wilson's laptop cannot address his needs." ECF No. 98 at 2. Wilson is encouraged to take the United States up on its offer.

For these reasons, the Court **OVERRULES** Wilson's objection, ECF No. 100.

Dated: October 23, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge